## Lathrop *v.* Clemow, Appellant.

*Mines and mining—Royalties—Contract—Coal lease—Extension of lease—New lease.*

Where an owner of all of the stock of a coal mining company which had a five years' lease on certain coal property, agrees in writing to transfer all of the stock to purchasers in consideration of a payment to him of royalties of seven cents per ton on all coal mined under the lease, the seller of the stock will not be entitled to recover royalties after the expiration of the date of such lease, where it appears that the lessor had refused to renew the lease, that a new lease was made under different terms, and that the new lease was not intended to be an extension of the old lease. In such a case it is immaterial that the lessor had executed a paper purporting to be an agreement to extend the first lease for a further period of five years if it appears that such paper was found among the documents of the lessor, was not attached to the lease, and that it was never known to the lessee company, or the purchasers of the stock, until the seller produced it in an equity suit to compel an accounting for royalties under the second lease.

Argued March 8, 1917.    Appeal, No. 41, March T., 1917, by defendant, from decree of C. P. Lackawanna Co., Oct. T., 1915, No. 6, on bill in equity in case of E. D. Lathrop v. William Clemow.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Reversed.

Bill in equity for an accounting for coal royalties.    Before EDWARDS, P. J.

From the record it appeared that by a lease dated June 19, 1907, the Edgerton Coal Company leased to the East Mountain Coal Company certain coal property for a period of five years from the date thereof, for a

royalty of twenty-seven cents mentioned in the lease. E. D. Lathrop owned all of the stock of the East Mountain Coal Company. Under an agreement bearing date of June 10, 1907, Lathrop sold all of his stock of the East Mountain Coal Company to the defendants. Payment was to be made as follows:

One thousand dollars down, (the receipt whereof is hereby acknowledged) and further payment to the said E. D. Lathrop of a royalty of seven (7) cents per ton on all coal mined or taken by the said party of the second part, from the land known as the Henry Ryon Warrantee Tract in the Township of Carbondale, state aforesaid, under lease from the Edgerton Coal Co. to the East Mountain Coal Co., by agreement dated June 19, 1907. The above royalty of seven (7) cents per ton is to be paid to the said party of the first part in monthly payments on the same dates as payments of royalty are made by the second party to the Edgerton Coal Co."

When the lease expired on June 19, 1912, the Edgerton Coal Company refused to renew the lease, and sometime in the year 1913, a new lease was executed by the Edgerton Coal Company to the East Mountain Coal Company on different terms from the first lease. Lathrop claimed to recover a royalty of seven cents per ton for all coal mined under the 1913 lease. The defendants presented testimony which tended to show that the 1913 lease was not intended in any way to be an extension of the 1907 lease. At the trial the defendant offered in evidence the following paper:

"CARBONDALE, PA., June 5, 1907.

"We hereby agree that if the East Mountain Coal Company fully carries out the terms· of the agreement dated June 19, 1907, to extend the said lease for a further period of five years.

"The Edgerton Coal Company,
"A. F. LAW, *President.*"

This paper was found among the papers of the Edgerton Coal Company after the death of Mr. Law. It was

not attached to the lease, and there was no evidence that it had been delivered, or that it was known to the East Mountain Coal Company, or to defendant. No explanation was given of the inconsistency in the dates of the three papers above mentioned.

The court entered a decree for an accounting in favor of the plaintiff.

*Error assigned* was the decree of the court.

*A. A. Vosburg,* with him *E. A. DeLaney* for appellants.—There was error in holding that the appellants were bound by the agreements to renew the coal lease of 1907, which was signed by Mr. Law for the Edgerton Coal Company and found by his successor in office after the death of Mr. Law, with this lease.

Leskie v. Haseltine, 155 Pa. 98; Corbet v. Oil City Fuel Supply Co., 21 Pa. Superior Ct. 80; Hill v. Roderick, 4 W. & S. 221; In re Field, 2 Rawle 351. The learned court was in error in holding that the defendants, or any of them, were liable to account to the plaintiff for any coal royalties under the new lease with the Edgerton Coal Company: Blim v. Tarode, 4 Phila. 118; Bixler v. Lesh, 6 Pa. Superior Ct. 459; Hillman v. Joseph, 9 Pa. Superior Ct. 1; Huntingdon, etc., Iron Co. v. Bills, 21 Pa. Superior Ct. 556.

*Stanley F. Coar, J. E. Brennan* and *David J. Reedy* for appellee.

OPINION BY KEPHART, J., July 13, 1917:

This is an appeal from a decree directing an accounting, and awarding an injunction to prevent the transfer of stock by the appellants. The appellee was the owner of all the stock of the East Mountain Coal Company, which he sold to Clemow, Martin and Seaman, appellants. The East Mountain Coal Company had a lease

with the Edgerton Coal Company, dated June 19, 1907, expiring June 19, 1912. As a part of the consideration for the sale of the stock, the appellee was to be paid a royalty of seven cents per ton on the coal mined under this lease. The preamble to the supplemental agreement of June 12, 1907, which reads: "For which coal business and shares of stock they have paid......and also agreed to pay him a royalty of seven cents a ton on all coal mined hereafter by the said parties operating under the corporation name of East Mountain Coal Company," must be read in connection with the agreement to which it refers, and when so read it places the time of payment for all the coal mined as being under the lease from the Edgerton Coal Company to the East Mountain Coal Company. This supplemental agreement does not enlarge the original agreement executed at the same time, and it was not the intention to enlarge it. There is no difficulty as to the royalty up to June 19, 1912. The appellee claimed that the original lease, by its own terms, was renewed for a further period of five years, and under that renewal he was entitled to receive the royalty stipulated in the original agreement. A supplemental paper was introduced in evidence. It reads: "Carbondale, Pa., June 5, 1907. We hereby agree that if the East Mountain Coal Company carries out the terms of the agreement dated June 19, 1907, to extend the said lease for a further period of five years." This paper, signed by the president of the company, was found among documents in the lessor's possession. It was not traced to the defendants' custody or possession and it nowhere appears that it was attached to this lease or that the lessees knew of its existence. The lessor, on this showing, could not have been compelled to renew this lease. There should have been some evidence that the defendants knew of or acted on this supplemental agreement and that it was a part of the original lease and transfer as made to them. As evidence of the fact that this paper was not attached, it was shown that the lease of June 19, 1907, was surren-

dered to the lessor at the end of the term. It does not appear that the covenants of the supplemental agreement had been complied with. The uncontradicted evidence shows that the lessor refused to renew the lease because some clauses were not satisfactory, and a new lease was made for a term of four years at a rental of twenty-seven cents per ton. If this was intended to be an extension of the original lease, it would have been an easy matter to have developed that fact at the trial. The officers of the company were present and testified, but there is not the slightest particle of evidence from them that there was any such intention, or that the new lease was accepted as an extension of the old one. The case therefore fails to establish any liability on any agreements postdating June 19, 1912; nor can this liability be established by the admission made to the officers of the Sacandaga Coal Company, who were negotiating with the East Mountain Coal Company for this operation. Whatever may have been the reason for the statements of these officers as to the amount of royalty to be paid, they were not sufficient to find the contract here contended for.

The court correctly found that the overpayment of royalty was a mistake of fact. We are of the opinion that there was not sufficient evidence to sustain the findings of the court below, upon which the decree and injunction were based. It is therefore ordered that the decree as heretofore entered in this case be reversed, the injunction dissolved and the bill dismissed at the cost of the appellee.